UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Care Realty, LLC, and
THCI Company, LLC,
         Plaintiffs

         v.                              Case No. 10-cv-95-SM
                                         Opinion No. 2013 DNH 016
Lakeview Neurorehabilitation
Center, Inc.; Lakeview
Neurorehab Center Midwest, Inc.;
and Lakeview Management, Inc.
         Defendants

## O R D E R

    This protracted commercial litigation has nearly reached an
end.  The parties ask the court to resolve one last, lingering
dispute.  Invoking the provisions of New Hampshire common law,
defendants assert that they are entitled to an award of
reasonable attorney's fees and expert witness fees - sums they
estimate at approximately $240,000 and $32,000, respectively.
Not surprisingly, plaintiffs object.  Vigorously.


    For the reasons discussed, defendants' motion for attorney's
fees is denied.

**Brief Background**

Defendants (collectively "Lakeview") operate neurorehabilitation facilities in New Hampshire and Wisconsin. They lease the subject properties from plaintiffs (collectively, "THCI").  The parties have been litigating this commercial landlord-tenant dispute since 2007 and the relevant facts are detailed in several orders previously issued by the court.  For the most part, they need not be recounted.

It is sufficient to note that the parties' disputes have given rise to two cases in this court.  In the first, the court held that, due to its inequitable conduct, THCI was estopped from asserting that Lakeview's breach of payment terms precluded its exercise of an option to extend those leases.  Lakeview Mgmt., Inc. v. Care Realty, LLC, 2009 WL 903818 (D.N.H. March 30, 2009) ("Lakeview I").  The court observed, however, that, "There is enough rascality here on each side to preclude finding that either side was imposed upon unduly."  Id. at *22.  Consequently, the court held that neither party was entitled to prevail on its claims under New Hampshire's Consumer Protection Act.  Lakeview then sought an award of attorney's fees on grounds that THCI had acted in bad faith.  That motion was denied.

Shortly thereafter, THCI filed a second suit, claiming Lakeview was still not paying the proper rent under the leases and invoking an appraisal process (detailed in Section 1.4 of the leases) as a means to determine Lakeview's monthly rent obligations.  Again, however, the court ruled in favor of Lakeview, concluding that, when presented with the opportunity to avail itself of the available appraisal process, THCI elected not to pursue it - an election that, due to time constraints imposed by the leases, could not be revisited.  Care Realty, LLC v. Lakeview Neurorehabilitation Center, Inc., 2012 WL 1067629 (D.N.H. March 29, 2012) ("Lakeview II").  Lakeview again seeks an award of attorney's fees.

                            **Governing Law**

The well-established "American Rule" on fee-shifting provides that, ordinarily, attorney's fees are not recoverable by a prevailing party unless specifically authorized by statute or contract.  Mullane v. Chambers, 333 F.3d 322, 337 (1st Cir. 2003).  See also Alyeska Pipeline Serv. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975); Van Der Stok v. Van Voorhees, 151 N.H. 679, 684 (2005).  The New Hampshire Supreme Court has, however, recognized limited exceptions to that rule.  Under New Hampshire common law, courts possess the inherent authority to award attorney's fees to a prevailing party when:

                                3

> an individual is forced to seek judicial assistance to
> secure a clearly defined and established right if bad
> faith can be established; where litigation is
> instituted or unnecessarily prolonged through a party's
> oppressive, vexatious, arbitrary, capricious or bad
> faith conduct; as compensation for those who are forced
> to litigate in order to enjoy what a court has already
> decreed; and for those who are forced to litigate
> against an opponent whose position is patently
> unreasonable.

Clipper Affiliates v. Checovich, 138 N.H. 271, 278 (1994)

(citations and internal punctuation omitted).  The decision to

award or decline to award fees under that judicial exception is

highly discretionary and afforded "tremendous deference."

Grenier v. Barclay Square Commer. Condo. Owners' Ass'n, 150 N.H.

111, 116 (2003).


     Here, Lakeview says it is entitled to an award of attorney's

fees on grounds that THCI advanced a "meritless" claim and

adopted a litigation position that was "patently unreasonable."

See Defendants' Motion for Attorney's Fees (document 67) at 2.

See also Defendants' Reply Memorandum (document no. 75) at 2-3.

In support of its claim, Lakeview asserts assert that, "[h]aving

acted in bad faith in 2007 with respect to Lakeview's option

exercise and request for appraisal, and having been called out

with respect to this conduct in Lakeview I, THCI brazenly filed

the instant litigation demanding the same appraisal process it

spurned in 2007."  Defendants' Reply Memorandum at 3.  Moreover,

says Lakeview, the court itself recognized that THCI's invocation of the appraisal process was "meritless."

Lakeview conflates two distinct concepts: "meritlessness" and "bad faith."  The mere fact that a claim lacks merit does not compel the conclusion that it was advanced in bad faith.  Nor does it compel the conclusion that it was "patently unreasonable."  See, e.g., DeLauro v. Porto (In re Porto), 645 F.3d 1294, 1305 (11th Cir. 2011) ("equat[ing] lack of merit with bad faith, [is] a fallacy that would lead to the conclusion that every losing party had litigated in bad faith."); Managed Care Solutions, Inc. v. Essent Healthcare, Inc., 2011 WL 4433570, 4 (S.D.Fla. 2011) ("That the Court denied the motion or even that the motion lacked merit is not the same as finding that [the movant's] conduct in filing the motion objectively rises to bad faith."); Grenier, 150 N.H. at 118 ("The fact that [plaintiff's] position was unsuccessful does not alone warrant an award of fees.").  See generally Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-422 (1978).

As Lakeview points out, the court did, in fact, conclude that THCI's invocation of the appraisal process was "meritless" - that is to say, it lacked merit.  Lakeview II, at *4.  The court did not, however, conclude that THCI's claim was "frivolous" or

"patently unreasonable," nor did it find that THCI acted in bad faith.  And, importantly, Lakeview has failed to demonstrate that THCI's conduct was so egregious or so without legal or factual basis that an award of fees would be justified or appropriate under New Hampshire common law.

Lakeview's claim for fees does not fit within the limited exception to New Hampshire's general rule that parties to litigation bear their own legal fees.  As the court pointed out in Lakeview II, THCI brought this suit "to resolve an issue left unaddressed in earlier litigation between the parties."  Id. at *1.  That is, once the court held that Lakeview had validly exercised its renewal option, whether THCI could invoke the appraisal process contemplated by the leases in order to determine the appropriate rent going forward.  THCI plausibly asserted that, because it invoked the appraisal process within days of the court's ruling validating Lakeview's otherwise doubtful exercise of its option to extend the Lease, the invocation was timely and the appraisal process was required to set the applicable rent.  Lakeview, on the other hand, argued that THCI had waived that contractual right long ago.

Lakeview's position prevailed, and the court held that once THCI decided not to invoke the appraisal process in (or

reasonably near) March of 2007 (when Lakeview exercised its
option to renew), and later declined Lakeview's own request to
follow that procedure, THCI could not revisit that decision.
THCI's position was not persuasive, but, on this record, the
court cannot conclude that it was frivolous, patently
unreasonable, or pursued in bad faith.  And, absent such conduct,
Lakeview cannot recover attorney's fees or expert witness fees.


## Conclusion

As the court of appeals has noted, courts must be cautious
when deviating from the American Rule and exercising their
discretion to award attorney's fees when not otherwise authorized
by statute or contract.  See Dubois v. U.S. Dept. of Agriculture,
270 F.3d 77, 80 (1st Cir. 2001) ("Because of its potency,
however, a court's inherent power to shift attorney's fees should
be used sparingly and reserved for egregious circumstances.
Thus, the power to sanction must be used with great
circumspection and restraint, employed only in compelling
situations.") (citations and internal punctuation omitted).  This
case, between sophisticated commercial entities, does not present
those rare, egregious or compelling circumstances warranting the
exercise of such discretion.  While THCI's claim to have timely
invoked the leases' appraisal process lacked merit, it was not

patently unreasonable nor has Lakeview shown that it was pursued in bad faith.

Defendants' motion for an award of attorney's fees (document no. 67) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 5, 2013

cc:  Daniel E. Will, Esq.
     Jonathan M. Shirley, Esq.
     Leigh S. Willey, Esq.
     Ovide M. Lamontagne, Esq.
     Christopher H. M. Carter, Esq.
     Daniel M. Deschenes, Esq.